```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MALQUISUA MENDEZ,

                Plaintiff,
                                         ORDER
        -against-                        10-CV-5219 (JS)(WDW)

MICHAEL SPOSATO, ACTING SHERIFF
OF NASSAU COUNTY, C/O KENNY
SHIELD #2468, C/O HOOD SHIELD #897,
COUNTY COURT DETENTION AND
TRANSPORTATION OF NASSAU COUNTY
CORRECTIONAL CENTER OF EAST MEADOW,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Malquisua Mendez, Pro Se
                  # 10-A-5370
                  Mid-State Correctional Facility
                  PO Box 2500
                  Marcy, NY 13403

For Defendant:    No Appearances
```

SEYBERT, District Judge:

On November 8, 2010, incarcerated pro se plaintiff Malquisua Mendez ("Plaintiff") filed a Complaint in this Court against Michael Sposato, the Acting Sheriff of Nassau County, Nassau County Corrections Officers Kenny #2468 and Hood #897 and the "County Court Detention and Transportation of Nassau County Correctional Center" pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED, and for the following reasons the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the County Court Detention and Transportation of Nassau County Correctional Center and DISMISSED WITHOUT

PREJUDICE as against Nassau County and Sheriff Sposato. The Complaint shall proceed against Officers Hood and Kenny in so far as they are sued in their individual capacities and the United States Marshal for the Eastern District of New York is directed to serve the Complaint on these defendants.

BACKGROUND

Plaintiff's sparse handwritten Complaint alleges that, on June 8, 2010 at approximately 9:50 a.m., Plaintiff was in the "County Court detention", when he was hit in his left eye by another inmate, Olban Gonzales #10004996 ("Gonzales"). (Compl. at ¶ IV.) According to the Complaint, the Plaintiff and Gonzales had previously had a physical altercation and, as a result, he and Gonzales were to be kept separate from each other. Plaintiff alleges that he told Defendant Hood to keep Plaintiff and Gonzales apart and advised that they had been separated since the fight on March 17, 2010. (Compl. at ¶ IV and attachments thereto.) Plaintiff claims that Defendant Hood responded "[d]on't worry you be ok" and refused to grant Plaintiff's request. (Compl. at ¶ IV.) As a result, Plaintiff was placed in the same cell with Gonzales by Defendants Hood and Kenny at the County Court where Plaintiff claims he was struck by Gonzales in the left eye. (Compl. at ¶ IV.)

Plaintiff was taken to Nassau University Medical Center on June 8, 2010 where he was examined and determined not to have

suffered a fracture. (Compl. at ¶ II and attachments annexed thereto.) On June 10, 2010, Plaintiff was taken to the Department of Ophthalmology at the Nassau University Medical Center where he was again examined and found to have suffered a trauma to his left eye that "should resolve on its own." (Compl. at ¶ II and attachments annexed thereto.) Plaintiff alleges that he "lost 50% of vision" and he "cannot see very well." (Compl. at ¶ IV.) As a result, Plaintiff seeks to recover $5 million in unspecified damages from the Defendants. (Compl. at ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915 (a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b). The Court is required to dismiss the action as soon as it makes such a

determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it rasing the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this state of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, customs, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United State . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege "'that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law

4

and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Here, affording Plaintiff's Complaint a liberal construction, it appears that Plaintiff seeks to assert an Eighth Amendment deliberate indifference claim against the Defendants.

    A.    Claim Against Sheriff Michael Sposato

Although difficult to discern, it appears that Plaintiff's claim against Defendant Sposato arises solely from his supervisory position. Indeed, the Complaint is wholly devoid of any allegations of any conduct attributable to Defendant Sposato. A plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 Fed. Appx. 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d

5

865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondent superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, given that Plaintiff's Complaint fails to include any factual allegations sufficient to demonstrate any personal involvement of Defendant Sposato, the Section 1983 claim asserted against him is not plausible and is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to file an Amended Complaint in accordance with this Order and shall do so **within thirty (30) days of the date that notice of entry of this Order served upon the Plaintiff.** Plaintiff is warned that his failure to timely amend the Complaint will result in the dismissal of his claims against Defendant Sposato with prejudice pursuant to Federal Rule of Civil Procedure 41.

B. Claims Against County Court Detention and Transportation of Nassau County Correctional Center

Plaintiff's claims against these defendants must be dismissed because they are not entities that may be sued. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also

Barreto v. Suffolk County, No. 10-CV-0028, 2010WL 301949, at *2 (E.D.N.Y. Jan. 20, 2010) (holding that the Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued).

Here, Plaintiff seeks to sue entities of Nassau County, namely the "County Court Detention" and "Transportation of Nassau County Correctional Center." As mere administrative arms of Nassau County, these entities are without legal identities separate from the County. Accordingly, Plaintiff's claims against County Court Detention and Transportation of Nassau County Correctional Center are DISMISSED WITH PREJUDICE and the Complaint is deemed amended to name instead the County of Nassau as a defendant. The Clerk of the Court is directed to so amend the caption.

### C. Claims Against the County of Nassau

To the extent that the Complaint purports to allege a Section 1983 claim against Nassau County based on the misconduct of its personnel, such claims are insufficiently pled. A municipality or municipal entity cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a

policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Village of Mamaroneck, 465 F.3d 96, 108-109 (2d Cir. 2006) overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008)); see also Monell, 436 U.S. at 690-691. "Local governing bodies. . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact within the municipal employees. Sulehria v. City of New York, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis, 224 F. Supp. 2d at 478.

Here, Plaintiff wholly fails to allege that any of the

Defendants' actions were undertaken pursuant to a municipal policy, practice or custom that deprived Plaintiff of a constitutional right. Accordingly, the Complaint fails to state a plausible claim against Nassau County and is dismissed without prejudice and Plaintiff is given leave to replead in accordance with this Order and shall do so **within thirty (30) days of the date that notice of entry of this Order served upon the Plaintiff.** Plaintiff is warned that his failure to timely amend the Complaint will result in the dismissal of his claims against Defendant County of Nassau with prejudice pursuant to Federal Rule of Civil Procedure 41.

  D.    Claims Against Officers Hood and Kenny

Affording Plaintiff's pro se Complaint a liberal construction, it appears that he seeks to allege that Officers Hood and Kenny violated his Eighth Amendment rights by failing to protect him during his detention. The Eighth Amendment to the United States Constitution "places a burden on prison officials to 'take reasonable measures to guarantee the safety of . . . inmates.'" Matthews v. Armitage, 36 F. Supp. 2d 121, 124 (N.D.N.Y. 1999) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). Included in this burden is an obligation to protect inmates from violence at the hands of other prisoners. Matthews, 35 F. Supp.2d at 124 (citing Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991)).

9

However, the Eighth Amendment does not provide protection for every injury suffered by an inmate. Rather, such an injury rises to the constitutional level only where a prisoner establishes "both that the deprivation alleged is sufficiently serious and that the defendant acted with a sufficiently culpable state of mind." Matthews, 35 F. Supp. 2d at 124 (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271)).

To state a cognizable failure to protect a claim under Section 1983, an inmate must establish that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) the "prison officials acted with 'deliberate indifference' to the safety of the inmate. Warren v. Goord, 476 F. Supp. 2d 407, 410 (S.D.N.Y. 2007) (quoting Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996)); see also Morales v. New York State Dep't of Corr., 842 F.2d 27, 30 (2d Cir. 1998); Wilkins v. Poole, 706 F. Supp. 2d 314, 318 (W.D.N.Y. 2010).

1. Substantial Risk of Serious Harm

Plaintiff must show that prison officials actually knew of and disregarded an excessive risk of harm to the inmate's health or safety. Farmer, 511 U.S. at 836-37. "Plaintiff may allege a constitutional claim by alleging that the substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and that the officials being sued were exposed to information concerning the

risk and thus, must have known about it." Farmer, 511 U.S. at 842-43. "In the context of a failure to protect claim, the deprivation is sufficiently serious if the inmate is incarcerated under conditions imposing a substantial risk of serious harm." Matthews, 35 F. Supp. 2d at 124-25 (citing Farmer, 511 U.S. at 834).

Here, Plaintiff claims that he was placed in "substantial risk of serious harm" when correction officers Hood and Kenny placed Plaintiff and inmate Gonzales in the same cell at the County Court notwithstanding the fact that Plaintiff warned them not to do so. (Compl. at ¶ IV.) As a result, Plaintiff claims to have been attacked by Gonzales and has suffered injuries to his left eye including an alleged 50% loss of vision. (Id.). The Court finds that Plaintiff's allegations are sufficient at this stage. Indeed, a "dangerous prison condition that leads to extreme pain, temporary eye damage and the potential for loss of sight is sufficiently serious to implicate the Eighth Amendment." Santos v. New York City Dept. of Correction, 08-CV-8790(GBD), 2010 WL 1142065 at *16-*17, adopting Report and Recommendation, 2010 WL 1142066 (S.D.N.Y. Feb. 25, 2010) (collecting cases where eye impairments have been found sufficiently serious to satisfy the objective element of an Eighth Amendment violation).

2.  Deliberate Indifference

As noted above, "the state of mind requirement in this context is one of deliberate indifference to the inmate's health

and safety." Matthews, 35 F. Supp. 2d at 125 (citing Wilson, 501 U.S. at 294). A prison official will be found to have acted with deliberate indifference if (1) he "knows that inmates faces a substantial risk of serious harm"; and (2) disregards that risk by failing to take reasonable measures to abate it." Warren, 579 F. Supp. 2d at 495 (citing Farmer, 511 U.S. at 847). A showing of mere negligence by the defendants is insufficient to state a constitutional claim. Wilson v. Campbell, No. 06-CV-175(GLS), 2008 WL 902187, at *4 (N.D.N.Y. 2008) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986) (add'l citations omitted)).

Applying these standards here, the Court also finds that Plaintiff has sufficiently alleged facts in satisfaction of the subjective prong of his Eighth Amendment claim. Plaintiff describes that the fact that he was to be kept separate from Gonzales was communicated to the Defendant Officers and such practice had been followed in the weeks preceding the attack by Gonzales at issue. Such allegations make Plaintiff's Eighth Amendment claim plausible. While it may be that Plaintiff is unable to prevail on his claims against the defendant officers, the Court's uncertainty at this stage does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed

<u>in forma pauperis</u> is GRANTED and the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the County Court Detention and Transportation of Nassau County and WITHOUT PREJUDICE as against Nassau County and Nassau County Sheriff Michael Sposato. Plaintiff shall file any Amended Complaint in accordance with this Order **within thirty (30) days of the date that notice of entry of this Order is served upon the Plaintiff** or his Complaint will be DISMISSED WITH PREJUDICE and the case will be closed.

The United States Marshal for the Eastern District of New York is directed to serve the Complaint upon Defendant Officers Hood and Kenny. The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Corrections Officers Hood and Kenny without prepayment of fees.

The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his <u>in forma pauperis</u> application. The agency holding Plaintiff in custody must calculate the amounts specified by 29 U.S.C.§ 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or

13

Superintendent shall not deduct more than twenty (20) percent from the prisoner's trust fund account.

Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintended of the facility in which Plaintiff is incarcerated. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  15 , 2011
       Central Islip, New York